IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                      4:20-CR-00026-BRW

DONALD A. HALE                                                               DEFENDANT

ORDER

Defendant was sentenced on July 22, 2021.[1]  I ordered Defendant to pay restitution in an amount to be determined.[2]  After reviewing the arguments, the evidence presented during the proceeding, and the relevant law, I feel fully advised in the premises.

Defendant pled guilty to one count of Distribution of Child Pornography, a violation of 18 U.S.C. § 2252(a)(2).[3]  This conviction qualifies as a child pornography trafficking offense, as defined in 18 U.S.C. § 2259(c)(3).  Therefore, restitution is mandatory under 18 U.S.C. § 2259(b)(2).

At sentencing, the prosecution identified 15 victims and requested restitution of $45,000 (the $3,000 statutory minimum per victim).  Defendant argued a lower amount is warranted because he did not have a direct role in the production or distribution of the material and some victims did not sufficiently prove their damages for the amount claimed.  Defendant asserted that the $3,000 minimum should be awarded in a single lump sum to the victims as a group and divided equally among them.

---

[1]Doc. No. 45.

[2]Doc. No. 46.

[3]Doc. No. 34.

Defendant cited *United States v. Hoskins*[4] and *United States v. Clemens*[5] to support his position. In *Haskins*, the Eighth Circuit affirmed the district court's analysis and restitution award of $7,500 where the defendant's conduct was more directly involved in the production of the pornographic material than the Defendant here. However, *Haskins* was decided before 18 U.S.C. § 2259 was amended to include language that directs the court to order "restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."[6] In *Clemons*, the Eighth Circuit affirmed the district court's $3,000 total restitution award. However, *Clemons* only involved one victim, unlike the multiple victims here.

I agree with the prosecution that the plain meaning of § 2259(b)(2)(B) provides for $3000 <u>per victim</u>.

Accordingly, based on the 15 identified victims' impact statements, Defendant's relative culpability, and U.S.C. § 2259(b)(2)(B), Defendant is hereby ordered to pay $45,000 in restitution in accordance with the Judgment (Doc. No. 46) entered on July 23, 2021.

Restitution is due immediately, and any unpaid balance will be payable during incarceration. During incarceration, you must pay 50% per month of all funds that are available to you. During residential re-entry placement, payments will be 10% of your gross monthly income. Beginning the first month of supervised release, payments will be 10% per month of your monthly gross income. Restitution will be joint and several with any other person who has

---

[4] 676 F.3d 942 (8th Cir. 2017).

[5] 990 F.3d 1127 (8th Cir. 2021).

[6] 18 U.S.C. § 2259(b)(2)(B).

been or will be convicted on an offense for which restitution to the same victim on the same loss is ordered.  Interest is waived.

    IT IS SO ORDERED this 30th day of July, 2021.

                                      <u>Billy Roy Wilson                 </u>
                                      UNITED STATES DISTRICT JUDGE